Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Michael D. Murphy
Assistant United States Attorney
402 E. Yakima Avenue, Suite 210
Yakima, Washington 98901
(509) 454-4425

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:21-CR-02052-SAB |
| Plaintiff, | PLAINTIFF'S SENTENCING |
| vs. | MEMORANDUM |
| BRYCE QUINTON HALE, | |
| Defendant. | |

The United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Michael D. Murphy, Assistant United States Attorney, submits the following Sentencing Memorandum.

On August 23, 2023, Defendant pleaded guilty to two counts charged in a Superseding Indictment. Superseding Indictment, ECF 84, Plea Agreement, ECF

GOV'T SENT. MEMO.                                                    1

98. He therefore appears before the Court for sentencing on Count 1, charging Production of Child Pornography in violation of 18 U.S.C. § 2251(a), (e) and Count 4, charging Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). *Id.* The latter charge is an Offense Committed While on Pretrial Release contrary to 18 U.S.C. § 3147. ECF 98, pp. 2, 3, 10.

## I.  BASE OFFENSE LEVEL AND ENHANCEMENTS

The draft PSIR provides for a total offense level of 37, criminal history category of I, with a guideline range of incarceration of 210 to 262 months to be followed by 5 years to life of supervised release. Draft PSIR, ECF 100, ¶ 133. Because Count 4 was committed while Defendant was on pretrial release, he is subject to a potential term of imprisonment of up to 10 years, consecutive to any other term or imprisonment. ECF 98, p. 3. Pursuant to Fed.R.Crim.P. 11(c)(1)(C), the parties have agreed to a sentence of 240 to 312 months (20 to 26 years) should the Court accept the plea agreement. ECF 98, pp. 5-6.

## II.  DEPARTURES AND OBJECTIONS

The Guidelines are the starting point and the initial benchmark for the sentencing process. *Kimbrough v. United States*, 128 S. Ct. 558 (2007). The Court "take[s] into account the totality of the circumstances" to determine whether a sentence is reasonable. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). Further, upon appellate review, "the scheme of downward and upward 'departures' [is] essentially replaced by the requirement that judges impose a 'reasonable' sentence."

*United States v. Ellis*, 641 F.3d 411, 421 (9th Cir. 2011). A reasonable sentence under the facts of this case is one of 312 months followed by a lifetime of supervised release, which is above the upper guideline range of 262 months.

Defendant objects to the draft PSIR with respect to the Suggested Special Conditions 3, 15 and 26. ECF 101, Objections to PSIR. Suggested Special Condition 3 would require that "You must not be employed in any occupation, business, or profession, or participate in any volunteer activity which provides access to children under the age of 18, unless authorized by the supervising officer". ECF 100, p. 24, #3. Defendant asserts that this condition would prevent him from any employment or volunteering except for establishments that are adult-only, such as bars, and requests that the condition be modified to prevent "unauthorized access to children". He contends that there is no danger presented by him being employed in a capacity that merely provides access to children around others, such as being a cashier at a grocery store. ECF 101, p 2. Defendant does not address the portion of the condition that would allow his supervising officer to authorize his employment or participation in activities which could provide access to children, which makes this condition no greater deprivation of liberty than reasonably necessary given his particular behavior while on conditions of pre-trial release and the high rate of recidivism among sex offenders. Sex offenders generally have an increased danger of recidivism. *See United States v. Garner*, 490 F.3d 739, 743 (9th Cir. 2007). ("[T]he particularly high danger of recidivism of sex offenders is well-known").

Accordingly, the United States respectfully requests that the Court impose Suggested Special Condition 3 as drafted in the PSIR.

Suggested Special Condition 15 would require that "You must not possess any type of camera or video recording device." ECF 100, p. 26, #15. Defendant asserts that "[t]his condition is unquestionably overbroad and greater than necessary" and that unsupervised access to children is the concern, rather than possession of a camera or recording device. ECF 101, p. 2. Defendant further asserts that the condition would prohibit him from possessing a camera or a cell phone, which he characterizes as basic necessities of life. *Id.* Defendant utilized a device with a camera to produce and transmit child pornography of his own child. While on conditions of pre-trial release, he used another such device to obtain images of child pornography. Suggested Special Condition 15 is no greater deprivation of liberty than reasonably necessary given Defendant's pre- and post-arrest behavior.

Suggested Special Condition 26 would require that "You must contribute 10% of your net monthly income to any balance owed to the identified vendor for location monitoring. The supervising probation officer may petition the Court on your behalf to modify this requirement if it presents an undue financial hardship. Payments toward this obligation are to begin once restitution to any victims of the offense have been paid in full." ECF 100, p. 27, #26. Defendant asserts that any sums owed to his location monitoring vendor are not related to his offense and that

the vendor can collect any debt through legal process. ECF 101, p. 3. The United States submits that, having sought pre-trial release to location monitoring (see ECF 19, p. 14) and then violated his conditions of that release by committing additional violations, as pled to in Count 4, some of Defendant's criminal conduct is related to his conditions of release.

### III.    SENTENCING FACTORS UNDER 18 U.S.C. §3553(a)

1. <u>The nature and circumstances of the offense and the history and characteristics of Defendant.</u>

In the summer of 2021, Defendant, using the on-line "handle" of "deepandsteady" participated in a members-only chat group using the on-line application KIK.  ECF 98, p. 9. This private chat group was entitled "Petite And Who Likes Family Admin Room". *Id.* Defendant sent images of a five-year-old child to other members of the group, including videos of her genitalia and him manipulating her genitalia. When FBI agents executed a search warrant at Defendant's home on November 5, 2021, they seized a cellular device from him. After being advised of his rights, Defendant admitted taking and sending images of the child on KIK. *Id.* Forensic imaging and review of Defendant's phone determined that the child pornography he had sent to other individuals on KIK had been deleted and that the app had been deleted prior to execution of the search warrant. Speaking to agents, Defendant characterized himself as depressed and asserted that he had been going through a hard time. He also claimed never to have looked at child pornography

before and characterized the KIK chat group as having changed character. ECF 100, ¶ 22.

An indictment was returned on November 9, 2021 charging Defendant with production and distribution of child pornography and he was initially detained upon the United States' motion.  ECF 1, Indictment, ECF 13, Detention Order. Defendant sought release to a clean and sober house on conditions of release. ECF 19, Motion to Re-Open Detention Hearing. The motion was granted and Defendant was released upon conditions including location monitoring and home detention. ECF 25, Order. After three months, Defendant sought less restrictive conditions, requesting a curfew rather than home detention. ECF 29, Motion to Modify Conditions. The United States did not oppose the modification, base in part upon Defendant's apparent compliance with all conditions. The Court granted the motion on March 9, 2022.

In December, 2022, in individual contacted the United States Attorney's Office, and subsequently the FBI, to report that an individual who she believed was under conditions of release had been dating her and spending time with her and her two minor children, aged two and five. *See* ECF 100, ¶ 23-24. Defendant provided this person with the name "Bryce Porter" and met her through the dating application "Hinge". She told FBI agents that she learned Defendant's true name and learned of his circumstances after finding the mother of his victim on-line and communicating with her. She also told FBI agents that she had observed Defendant to have two phones.

Information regarding Defendant's unapproved contact with children and unapproved use of the internet was provided to Pre-Trial Services, leading to a violation report and warrant for Defendant's arrest. ECF 63, Petition for Action on Conditions of Pretrial Release; ECF 58, Arrest Warrant. Defendant was arrested on January 6, 2023 at his workplace. ECF 65. A cellular telephone was seized from his person at that time. Subsequently, his employer contacted the FBI about another cellular telephone in Defendant's locker at work. That phone was recovered and forensically queried pursuant to a search warrant, as was the phone Defendant had on his person. The phone on Defendant's person was the only such device disclosed to Defendant's Pretrial Services Officer. The phone from Defendant's work contained, among other things, child pornography, leading to the charge to which Defendant has pleaded guilty to in Count 4. Some of the images and videos on the phone are of prepubescent children. ECF 100, ¶¶ 26-27.

Despite facing a substantial term of incarceration if convicted of his conduct in producing child pornography, Defendant disregarded his conditions of pretrial release. He provided an innocent third party with a false name. More concerningly, he obtained child pornography, in direct contravention of his initial explanation to law enforcement that his actions on KIK were related to depression or mental difficulties.

2. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.</u>

In this case, Defendant has accepted responsibility for his actions. The Judiciary Sentencing Information Data indicates that individuals sentenced pursuant to the same sentencing guideline with the same offense level and criminal history category as Defendant received an average sentence of 195 months. The United States submits that such a sentence is inadequate to reflect the seriousness of the offense conduct for which Defendant is taking responsibility, where he continued to victimize children through child pornography even while on conditions of pretrial release. In addition, his initial conduct, creating images of a child in his care and then sharing those images with like-minded pedophiles, merits a sentence above the guideline range of 210-262 months. A sentence of 312 months is appropriate to reflect the seriousness of the offense and an above-guideline sentence is merited to promote respect for the law in the face of Defendant's willful violation of his conditions of pre-trial release.

3. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct.</u>

A sentence of 312 months imprisonment may afford adequate deterrence to criminal conduct. Defendant would be released in his early fifties or before and have the opportunity to pursue a law abiding life for decades after his release.

4. <u>The need for the sentence imposed to protect the public from further crimes of Defendant.</u>

Defendant is twenty-eight years old and a substantial sentence is appropriate to protect the public from further crimes by him. He has demonstrated not only a

willingness to break the law, but to continue to do so even though subject to heightened scrutiny in the form of pretrial supervision.

Prior conduct, even remote in time, can demonstrate an increased danger of recidivism. *United States v. Garner*, 490 F.3d 739, 743 (9th Cir. 2007). Further, "the particularly high danger of recidivism of sex offenders is well-known". *Id.*; *also see McKune v. Lile*, 536 U.S. 24, 33-34 (2002) ("When convicted sex offenders reenter society, they are much more likely than any other type of offender to be rearrested for a new rape or sexual assault." The risk of recidivism posed by sex offenders is "frightening and high."). A sentence of 312 months, twenty-six years, is appropriate to protect the public from further crimes by Defendant.

5. <u>The need for the sentence imposed to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

A sentence of 312 months would provide Defendant with effective correctional treatment. Defendant has expressed an interest in vocational and educational programming as well. ECF 100, ¶ 93. Further, regardless of the term of imprisonment, this Court should impose a term of supervised release that extends for life. "Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). In other words, supervised release is not a punishment in lieu of incarceration. *See United States v. Granderson*, 511 U.S. 39, 50 (1994). Defendant's actions while on pretrial supervision should lead to the conclusion that post-conviction supervision for life is

appropriate regardless of the sentence of incarceration imposed, as that supervision will fulfill the rehabilitative ends of providing sex offender treatment and vocational assistance.

## IV. GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends that the Court impose a sentence of incarceration of 312 months followed by a term of supervised release for life and no criminal fine. Defendant must pay a $200 Special Penalty Assessment and may be required to pay a $5,000 Special Penalty Assessment pursuant to the JVTA. ECF 100, ¶¶ 119, 121. In addition, he may be subject to a $50,000 penalty assessment pursuant to 18 U.S.C. § 2259A. ECF 100, ¶ 116. The United States does not request the latter assessment in light of its recommendation of a sentence of 312 months incarceration, as an above Guidelines sentence, while merited by Defendant's circumstances, is sufficient pursuant to the factors set forth in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3572. Should another sentence be imposed, the $5,000 JVTA assessment would also be appropriate. Restitution is mandatory; however, no requests for restitution have been received at the time of the filing of this document.

DATED this 14th day of November, 2023.

VANESSA R. WALDREF<br>
United States Attorney<br><br>
s/Michael D. Murphy<br>
MICHAEL D. MURPHY<br>
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, and a copy was emailed to the counsel of record in this case.

s/ Michael D. Murphy<br>
Michael D. Murphy<br>
Assistant United States Attorney<br>
United States Attorney's Office<br>
402 E. Yakima Ave., Suite 210<br>
Yakima, WA 98901<br>
(509) 454-4425<br>
Fax: (509) 249-3297